UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-22642-Civ-COOKE/GOODMAN

SAM BRUSCEMI,

    Plaintiff,

vs.

ALEX M. AZAR II, *as*
*Secretary of Health and Human Services*,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Sam Bruscemi ("Plaintiff" or "Mr. Bruscemi") brings this action against Defendant Alex M. Azar III, as Secretary of Health and Human Services ("Defendant" or "Azar"), for denying coverage for the dental services Mr. Bruscemi received in response to his radiation therapy. Mr. Bruscemi would like this Court to reverse the Medicare Appeals Council's ("MAC") decision, which concluded that Medicare was not required to cover the dental services he received on May 26, 2017. Azar filed a Motion for Summary Judgment ("Motion") (ECF No. 46), to which Mr. Bruscemi has failed to respond. For the reasons below, Azar's Motion is granted.

### I. BACKGROUND

Mr. Bruscemi is a Medicare beneficiary and Part C enrollee.[1] Def.'s Concise Statement of Undisputed Material Facts ("DSOM") at ¶ 2. On January 29, 2013, Mr. Bruscemi was diagnosed with HPV positive head and neck cancer. *Id.* at ¶ 3. To prepare for radiation therapy and to prevent the risk for loss of jawbone, Mr. Bruscemi's bottom teeth were extracted. *Id.* at ¶ 4. After the radiation therapy was complete, Mr. Bruscemi received lower dentures. *Id.* However, because of the radiation, his soft and hard tissue would not tolerate the pressure exerted by a removable prosthesis. *Id.* at ¶ 6. After many failed attempts to readjust the

---

[1] Medicare Part C, also known as Medicare Advantage, enables private insurance companies to provide Medicare benefits. DSOM, ¶ 2 n.1. These Medicare private health plans, such as HMOs and PPOs, are known as Medicare Advantage ("MA") Plans. In this case, Plaintiff had an MA Plan through Avmed. *Id.*

1

dentures, Mr. Bruscemi stopped using them altogether and was placed on a feeding tube. *Id.* at ¶ 7. As a result of the feeding tube, Mr. Bruscemi had several issues with his digestive system and weight loss. *Id.* On March 11, 2014, about one year after completing radiation therapy, Mr. Bruscemi had a preliminary consultation with Dr. Juan Alberto, a prosthodontist with Clear Choice Dental Implant Center. *Id.* at ¶ 8. To alleviate the hardships Mr. Bruscemi experienced as a result of the teeth extraction, Dr. Alberto recommended that Mr. Bruscemi receive four dental implants in his lower jaw with an attached prefabricated abutement (permanent denture). *Id*.

On March 20, 2014, Mr. Bruscemi paid $22,000 and received the dental implants and permanent denture from Dr. Alberto at Clear Choice Dental Implant Center. *Id.* at ¶¶ 8–10. Shortly thereafter, Mr. Bruscemi submitted a claim for services to Avmed, the Part C Medicare Advantage Plan Sponsor. *Id.* at ¶ 11. Avmed denied the claim, and Mr. Bruscemi appealed Avmed's denial, which was also denied. *Id.* at ¶ 12. Mr. Bruscemi then requested reconsideration of Avmed's denial from MAXIMUM Federal Services, a Medicare Qualified Independent Contract ("QIC"). *Id.* at ¶ 13. On November 5, 2015, the QIC found that although Avmed offers a dental benefit in excess of Medicare coverage, most of the services Mr. Bruscemi received were not covered under this benefit. *Id.* at ¶ 14. Additionally, the QIC found that although the comprehensive oral exam Mr. Bruscemi received from Dr. Alberto on March 20, 2014 was covered by the MA Plan, Dr. Alberto was an out-of-network provider and Mr. Bruscemi did not seek pre-approval for the services he obtained. *Id.* Therefore, the QIC concluded that the MA Plan was not required to pay for services provided by Dr. Alberto. *Id.*

Shortly after the QIC denial, Mr. Bruscemi requested a hearing before an Office of Medicare Hearings and Appeals Administrative Law Judge ("ALJ"). *Id.* at ¶ 15. The hearing was held before ALJ Kimberley Woodyard on December 29, 2015, and Mr. Bruscemi testified. *Id*. On December 30, 2015, ALJ Woodward concluded that she did not question the judgment of the medical professionals who determined that Mr. Bruscemi needed the dental services and that the services were necessary and reasonable. *Id.* at ¶ 17. However, she found the record did not demonstrate that the plan was required to cover the dental services or that the few narrow exceptions under the Medicare guidelines applied. *Id.* Mr. Bruscemi appealed the ALJ's decision to the MAC of the U.S. Department of Health and Human Services, which affirmed the ALJ's decision and concluded that the dental services he received were not covered. *Id.* at ¶¶ 18–19. On July 14, 2017, Mr. Bruscemi filed a complaint in this Court challenging the

MAC's decision. *Id.* at ¶ 24.

## II.   LEGAL STANDARD

A district court has the authority to review the Secretary's final decision under the Medicare Act. *See* 42 U.S.C. §405(g); 42 U.S.C. § 1395w-22(g)(5) (making 42 U.S.C. § 405(g) applicable to appeals of benefit denials under Medicare Part C); *see also* 42 C.F.R. § 422.612(b). However, a court's authority for review is limited to determining whether the Secretary's decision is supported by substantial evidence and whether the Secretary applied the proper legal standard. 42 U.S.C. §405(g); *Wilson v. Barnhart,* 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence is defined as "relevant evidence a reasonable mind might accept as adequate to support a conclusion." *Richard v. Perales*, 402 U.S. 389, 401 (1971). Therefore, "substantial evidence exists even when two inconsistent conclusions can be drawn from the same evidence." *Stone & Webster Const., Inc. v. U.S. Dep't of Labor*, 684 F.3d 1127, 1133 (11th Cir. 2012).

## III.   DISCUSSION

Medicare was established as Title XVII of the Social Security Act in 1965 for the purpose of establishing a "federally funded health insurance program for the elderly and disabled." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 506 (1994). Medicare benefits are divided into four different parts. Parts A and B "create, describe, and regulate traditional fee-for-service, government-administered Medicare." 42 U.S.C. §§ 1395c to 1395i-5; §§ 1395-j to 1395-w. Part C outlines the Medicare Advantage program, and Part D provides for the prescription drug coverage for Medicare beneficiaries. 42 U.S.C. §§ 1395w-21-29; 1395w-101 to -154.

  A. *Medicare Parts A and B Do Not Mandate Coverage of Plaintiff's Dental Services*

As a general rule, no payment may be made by Medicare under Part A or B for dental services that are "in connection with the care, treatment, filling, removal or replacement of teeth or structures directly supporting teeth" when performed on an outpatient basis. 42 U.S.C. § 1395y(a)(12). However, there are a few narrow exceptions to this general rule. *Id.* Under what is referred to as the "same physician rule," "if an otherwise noncovered procedure or service is performed by a dentist as incident to and as an integral part of a covered procedure or service performed by him/her, the total service performed by the dentist for such an occasion is covered." *See* Medicare Benefit Policy Manual ("MBPM"), (Pub. 100-02), Ch. 15 § 150. Additionally, if hospitalization is required because of "the individual's underlying medical

3

condition and clinical state" or because of the "severity of the dental procedures," then such hospital services in connection with such dental procedures will be covered. *See* 42 C.F.R. § 411.15 (i). Moreover, the MBPM states that Medicare will cover the extraction of teeth to prepare the jaw for radiation treatments of neoplastic disease and an X-ray taken in connection with the reduction of a fracture of the jaw or facial bone. *See* MBPM (Pub 100-02), Ch. 16 §140.

Defendant argues that summary judgment should be granted because the MAC's decision comports with the law and is supported by substantial evidence. Defendant's Motion for Summary Judgment ("DMSJ") at 9. I agree. While Mr. Bruscemi argues that his dental implants were "an absolute medical necessity that is directly related and part of the cancer treatment" and therefore an exception should be made in light of the facts and extenuating circumstances, *see* Compl. at 1, unfortunately that is not the coverage required by Medicare, and the MAC's decision complied with the law.

The facts of this case are squarely on point with the facts in *Bick v. Sec'y of Health & Human Servs.*, NO. CV-95-0313-ABC (RMC), 1996 WL 393656, at *3 (C.D. Cal. Jan. 12, 1996). In *Bick*, the plaintiff received a root canal in response to damage resulting from the oncological radiation treatments to his head and neck region. *Id.* Plaintiff argued that because the dental services were to correct damage directly resulting from his radiation treatment, they were an exception to the general rule in that they were "incident to" his cancer treatment. *Id.* However, the Secretary found that because the root canal was performed by a different physician, provided at a different location, and performed four years after the radiation treatment, the services were not "incident to" the treatment of cancer, but rather were in connection to the treatment of plaintiff's teeth. *Id.* Therefore, the Court held that the Secretary's decision to exclude the root canal from Medicare coverage was supported by substantial evidence and free of legal error. *Id.* at *4.

The same is true here. Mr. Bruscemi attached several letters to his Complaint from the team of physicians who treated him. *See* Compl., ECF No. 1-2. However, the letters only support the statement that it was medically necessary to have the teeth extraction in preparation for the radiation treatment—a procedure in fact already covered and paid for by Medicare through Avmed. *Id.* at 5–9. Neither the letters nor any of the other documents on record establish that the *dental implants* were "incident or integral" to the treatment of the cancer (or any other covered treatment). *Id.* Additionally, like the plaintiff in *Bick*, the

4

undisputed facts show that Mr. Bruscemi's dental services were performed by a different doctor, at a different location, and almost a year after his radiation therapy. A reasonable mind would accept the Secretary's conclusion that the dental services Mr. Bruscemi appealed fell properly within the general exclusion, as the undisputed facts show the implants were for the replacement of his bottom teeth, and were not an integral part to the radiation treatment for his head and neck cancer. Therefore, the Secretary's decision to exclude the services from Medicare coverage is free from legal error and must be upheld.

B. *The Dental Services Were Not Covered by Plaintiff's MA Plan*

Defendant also contends that the Medicare Advantage Plan Mr. Bruscemi had through Avmed does not cover the dental services at issue. DMSJ at 11. Medicare Advantage Plans, sometimes referred to as Part C or MA Plans, are offered by private companies approved by Medicare. 42 C.F.R. § 422.102. Medicare pays the approved private companies to cover one's Medicare benefits. *Id.* MA Plans must cover all of the services that original Medicare covers. *Id.* However, to receive the benefits, the doctor or health service provider must be within the approved network of providers and the services received must be pre-approved under the coverage rules. *Id.* There are only three exceptions to when an MA Plan will cover out-of-network services: (1) the services were provided on an emergency or urgently needed basis; (2) Medicare requires the plan to cover the care but the providers in the MA Plan cannot provide the care and prior authorization has been obtained from Avmed; or (3) kidney dialysis services provided at a Medicare Facility. 42 C.F.R. 422.100 (citations omitted). Further, an MA Plan will only cover a service excluded by the coverage rules if it is provided as an emergency or on an urgently needed basis. 42 C.F.R. § 422.102.

Mr. Bruscemi had an MA Plan through Avmed, which included supplemental dental benefits beyond what is covered by Medicare. *Id.* ¶¶ 14. However, the dental services Mr. Bruscemi received did not fall within the supplemental benefits because the MA Plan specifically excludes dental implants from the list of covered dental services. *Id.* There are two exceptions to when an MA plan will cover services that were initially excluded from the approved list, which includes if the services were received on an emergency or urgently needed basis. 42 C.F.R § 422.102. However, these exceptions do not apply because the undisputed facts show that Dr. Alberto administered the dental implants almost a year after the completion of Mr. Bruscemi's radiation treatment, and not on an emergency or urgently needed basis. DSOM ¶ 10.

Additionally, although the oral evaluation is in fact listed as a covered service that is approved under Mr. Bruscemi's MA Plan, Dr. Alberto was an out-of-network provider and Mr. Bruscemi's request for coverage of the services was denied. *Id.* at ¶ 11.There are three exceptions to when an MA Plan will cover out-of-network service, but the oral evaluation Mr. Bruscemi received does not fit into any of the three exceptions, as it was performed on a nonemergency basis, prior authorization for Dr. Alberto was not received, and the care was not for kidney dialysis. *Id.* at ¶ 14. Unfortunately, the Court is limited to the strict policies under which Mr. Bruscemi was insured, and neither the dental implants nor the oral evaluation is covered by Mr. Bruscemi's supplemental dental benefits through Avmed. Accordingly, the Secretary's decision was based on substantial evidence and was not contrary to law.

## IV. CONCLUSION

Therefore, it is **ORDERED and ADJUDGED** that Defendant's Motion for Summary Judgment (ECF No. 46) is **GRANTED**. The Clerk shall **CLOSE** this case. All pending motions are **DENIED** *as moot*. A separate judgment shall issue pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**DONE and ORDERED** in chambers at Miami, Florida, this 10th day of September 2018.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Sam Bruscemi*, pro se
*Counsel of record*